Laurence G. Prendergast
vs. } No. 75618.
George F. Wilson

July 27, 1931.

CARPENTER, J. This action was brought by Lawrence G. Prendergast, of the Town of Glocester in the County of Providence and State of Rhode Island, against George F. Wilson of Burrillville in said County and State, to recover money which the plaintiff claimed was due and owing to him on a certain contract or agreement entered into by the plaintiff and the defendant. The case was tried before a jury in this court and the jury returned a verdict for the plaintiff in the sum of $2,786.68. Thereupon, the defendant filed a motion for a new trial, alleging the usual grounds, and the case is now before this Court on said motion.

It appeared from the evidence of the plaintiff that the defendant was the owner or was in control of a factory located in Burrillville, near the Village of Pascoag; that the mill had been running without a great deal of success for some time; that the plaintiff had been foreman or superintendent of similar factories and had some business relations or connections with manufacturing concerns; that the plaintiff and defendant entered into an agreement whereby the defendant was to furnish the mill and money, and the plaintiff was to oversee the running of the mill and obtain business; that the mill ran along for about a year, and through the failure of one of its customers the mill sustained a considerable loss; that business fell off and the plaintiff obtained a position in another factory; that after a short time the defendant and the plaintiff again got together and entered into another agreement to start up the mill and the mill was started and was run for some time.

Under the first agreement the plaintiff testified that as compensation for his services he was to receive a certain percentage of the profits of the business. He also testified that under the second agreement all losses that had been sustained while the mill was operating under the first agreement should not be considered in ascertaining the profits of operating the mill under the second agreement.

The defendant denied that the losses under the first agreement were not to be taken into consideration in ascertaining the profits under the second agreement. The defendant also testified that a certain amount of rent was to be charged for the mill, which the plaintiff denied, and there was some evidence tending to show that two agreements had not been made, but that the mill had been operated through the whole time under the first agreement.

If the story of the plaintiff was a true version of the situation existing between the parties, the plaintiff is entitled to the verdict that he received, as the books and accounts of the corporation showed that a profit had been realized in the operation of the mill during the second period.

It was purely a question of fact and this Court can not say but that the jury was justified, from all the circumstances surrounding the case and the evidence that was submitted, in returning the verdict which they did. Therefore, the Court approves the verdict of the jury in this case.

Motion for a new trial is denied.

For plaintiff: Cooney & Cooney.
For defendant: James Harris.